United States District Court
Southern District of Texas
**ENTERED**
September 11, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROMARCUS DEAN MARSHALL, TDCJ #01043741, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-1642 |
| KYLE B. JOHNSON, *et al.*, | § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

The plaintiff, Romarcus Dean Marshall (TDCJ #01043741), is an inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Marshall has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and he proceeds *in forma pauperis*. Because this case is governed by the Prison Litigation Reform Act, the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.  BACKGROUND**

Marshall is currently serving a life sentence that he received in the 179th District Court for Harris County, Texas, as the result of his conviction for capital murder in cause number 833880.[1] That conviction was affirmed on direct appeal in an unpublished opinion that summarized the evidence presented during Marshall's jury trial, which showed that Marshall was charged as a party to the murder of Anastacio Sandoval during an armed robbery. *See Marshall v. State*, No. 07-01-0426-CR, 2003 WL 23024515, *1-3 (Tex. App. — Amarillo Dec. 29, 2003, pet. ref'd). Marshall sought a federal writ of habeas corpus to challenge that conviction under 28 U.S.C. § 2254, but his petition was dismissed with prejudice after the court determined that Marshall's claims were without merit and that he was not entitled to relief. *See Marshall v. Stephens*, Civil No. H-05-4302 (S.D. Tex. Jan. 18, 2007).

Marshall now sues two criminal defense attorneys, including the public defender who was appointed to represent him in cause number 833880 (Kyle B. Johnson) and another public defender (Wayne T. Hill), who was appointed to represent Marshall's co-defendant, James Hanes.[2] Marshall also sues the prosecutor,

---

[1]  *See* Texas Department of Criminal Justice - Offender Information, available at: http://www.tdcj.texas.gov (last visited Aug. 30, 2017).

[2]  Complaint, Docket Entry No. 1, at 3-4.

Assistant District Attorney Claire Connors, and the Honorable Michael J. Wilkinson, who presided over Marshall's trial.[3]

Marshall explains that Hanes, who actually shot and killed Sandoval during the robbery, agreed to plead guilty to the lesser charge of murder and received a 25-year sentence.[4] Marshall alleges that Johnson was "swayed" by Hill and Connors to not call Hanes as a witness on Marshall's behalf.[5] By depriving him of Hanes's testimony, Marshall contends that Johnson and Hill conspired with Connors and Wilkinson to secure his conviction in violation of his federal constitutional rights.[6] Marshall seeks monetary damages as well as declaratory and injunctive relief under 42 U.S.C. § 1983 for the constitutional violations that resulted in his conviction.[7]

## II. DISCUSSION

The complaint fails to state a claim and must be dismissed for several reasons. Marshall's conclusory allegations of conspiracy are insufficient to demonstrate liability on the part of Judge Wilkinson, who is entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *See*

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

*Stump v. Sparkman*, 435 U.S. 349, 355 (1978). It is also well established that prosecutors such as Claire Connors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citing *Burns v. Reed*, 500 U.S. 478, 492 (1991)); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutors are absolutely immune from a civil suit for damages for initiating a prosecution and in presenting the state's case). Likewise, criminal defense attorneys, even those such as Johnson and Hill who are appointed by the state to represent indigent defendants, are not state actors who can be held liable under 42 U.S.C. § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)).

More importantly, Marshall cannot recover damages under 42 U.S.C. § 1983 based on his allegation that his conviction was obtained unlawfully because his claim is barred by Supreme Court precedent. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

4

such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

As noted above, Marshall's conviction was affirmed on appeal and he remains incarcerated pursuant to the judgment in Harris County cause number 833880. Marshall does not allege or show his sentence has been invalidated or otherwise set aside by an authorized state tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254. Absent a showing that the disputed conviction has been invalidated or set aside, the rule in *Heck* precludes any claim for damages. Any claim for declaratory or injunctive relief is likewise barred by the rule in *Heck*. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998). It follows that Marshall's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and that his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) failure to state a claim.

2. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the Manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on September 11, 2017.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE